MARA W. ELLIOTT, City Attorney
GEORGE F. SCHAEFER, Assistant City Attorney
KATHY J. STEINMAN, Deputy City Attorney
California State Bar No. 221344
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendants CITY OF SAN DIEGO, AZIZ BROU, KELLY STEWART, CARMELIN RIVERA and JAMES BARRERA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.D., a minor, by his parent and next friend, JAMIE WILSON and JAMIE WILSON on her own behalf,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, OFFICER AZIZ BROU, OFFICER KELLY STEWART, SERGEANT CARMELIN RIVERA, DETECTIVE JAMES BARRERA, and DOES 1-10,<br><br>Defendants. | Case No. 17cv0296 H (BGS)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Marilyn L. Huff<br>Court Room: 15A (Carter/Keep) |

Defendants City of San Diego, Aziz Brou, Kelly Stewart, Carmelin Rivera and James Barrera ("Defendants"), respond to Plaintiffs, P.D. a minor, by his parent and next friend, Jamie Wilson, and Jamie Wilson's (collectively "Plaintiffs") Second Amended Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

/ / /

/ / /

## I. INTRODUCTION

1. In answering paragraph 1 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that one or more of the named Defendant Officers contacted P.D. and his four friends on March 30, 2016 and conducted pat down searches of them. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

2. In answering paragraph 2 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that one or more of the named Defendant Officers searched the bag being carried by P.D. and discovered a firearm in P.D.'s bag. Defendants further admit that P.D. was arrested for violations of California Penal Code sections 12021.5A, 25400(a)(2), 25400(c)(3) and 626.9(b). Defendants further admit that a DNA sample was obtained from all five juveniles with their consent. Defendants further admit that P.D. was transported to San Diego Police Department headquarters, and then later transported to San Diego County Juvenile Hall for booking. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

3. In answering paragraph 3 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that one or more of the named Defendant Officers took a DNA sample of the five juveniles pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

4. In answering paragraph 4 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

## II. JURISDICTION AND VENUE

5. In answering paragraph 5 of the Complaint, Defendants affirmatively allege that said paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Defendants admit Plaintiffs bring this civil suit pursuant to Title 42 United States Code section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Defendants further admit that 28 U.S.C. Section 1331 states "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants further admit that this Court has

supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a). Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph.

6. In answering paragraph 6 of the Complaint, Defendants affirmatively allege that said paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph.

7. In answering paragraph 7 of the Complaint, the allegations of this paragraph contain legal argument that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, Defendants affirmatively admit that venue is proper because the events that give rise to this action occurred within this district. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said paragraph.

8. In answering paragraph 8 of the Complaint, the allegations of this paragraph contain legal argument that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, Defendants allege, on information and belief, that at all relevant times mentioned in the Complaint, the Defendants were located or domiciled in the State of California. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said paragraph.

## III. PARTIES

9. In answering paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny said allegations.

10. In answering paragraph 10 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent that a response is required, Defendants admit only that the City of San Diego is a municipal corporation which has many departments, including the San Diego Police Department. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

11. In answering paragraph 11 of the Complaint, Defendants admit that at the time of the subject incident, Aziz Brou, Kelly Stewart, Carmelin Rivera, and James Barrera are sworn police officers employed by the San Diego Police Department. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph.

12. In answering paragraph 12 of the Complaint, Defendants allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent an answer is required, Defendants object to the usage of the phrase "under color of state law" as expressively vague and ambiguous. Defendants admit only that at the time of the subject incident, the named Defendant officers were employed by the San Diego Police Department and were acting within the course of employment at the time of the incident. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

13. In answering paragraph 13 of the Complaint, Defendants affirmatively allege that said paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Defendants admit that California Government Code section 815.2 states, in pertinent part "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph.

14. In answering paragraph 14 of the Complaint, Defendants allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent that a response is required, Defendants admit that Plaintiffs are seeking declaratory and injunctive relief as well as damages pursuant to 42 U.S.C. § 1983 and state law. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

15. In answering paragraph 15 of the Complaint, Defendants allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent that a response is required, Defendants expressly admit that Plaintiffs have sued the named Defendant officers in their individual capacities for violations of the Fourth and Fourteenth Amendments. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise

wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## IV. FACTUAL ALLEGATIONS

*Unlawful Stop-and-Frisk and Racial Profiling*

16. In answering paragraph 16 of the Complaint, Defendants admit that on March 30, 2016, P.D. and four friends, all juveniles, were walking in Memorial Park located in southeast San Diego. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph.

17. In answering paragraph 17 of the Complaint, Defendants admit that the named Defendant officers believed March 30 to be a West Coast Crip "holiday" and that gang activity can occur on "gang holidays." Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph.

18. In answering paragraph 18 of the Complaint, Defendants admit that while Officers Brou and Stewart were monitoring Memorial Park, a detective from the Street Gang Unit aired information over the radio frequency designated for the Gang Unit regarding five males in the park. Defendants further admit that at the time of the incident, P.D. was wearing a white long sleeve t-shirt with blue sleeves and black jeans. Except as specifically admitted herein, Defendants deny, generally and specifically, each and every allegation contained in said paragraph.

19. In answering paragraph 19 of the Complaint, Defendants admit that Officer Stewart asked the males to sit on the bleachers. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

20. In answering paragraph 20 of the Complaint, Defendants admit that at the time of the incident, Officers Brou and Stewart were members of San Diego Police Department's Gang Suppression Team. Except as specifically admitted herein, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

21. In answering paragraph 21 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

22. In answering paragraph 22 of the Complaint, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

23. In answering paragraph 23 of the Complaint, Defendants admit that one or more San Diego Police Department officers conducted a pat down search of all the males. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

24. In answering paragraph 24 of the Complaint, Defendants admit that one or more of the males informed the officers they had been playing basketball,

P.D. was carrying a duffel bag when Officers Brou and Stewart approached the males, and that an officer patted down the duffel bag and found a firearm. Except as specifically admitted herein, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

25. In answering paragraph 25 of the Complaint, Defendants admit that at some point during the incident, additional officers arrived on the scene to assist. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

26. In answering paragraph 26 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

27. In answering paragraph 27 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

*The Search and Seizure of P.D.'s DNA*

28. In answering paragraph 28 of the Complaint, Defendants admit that P.D. was handcuffed and placed in the back of a police car. Except as specifically

admitted herein, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

29. In answering paragraph 29 of the Complaint, Defendants admit that P.D. signed a consent form to allow a DNA mouth swab to be taken from him. Except as expressly admitted, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

30. In answering paragraph 30 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

31. In answering paragraph 31 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of

law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

32. In answering paragraph 32 of the Complaint, Defendants admit that P.D. signed a consent form to allow a DNA mouth swab to be taken from him and a DNA sample was obtained from P.D. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

33. In answering paragraph 33 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

34. In answering paragraph 34 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

35. In answering paragraph 35 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

36. In answering paragraph 36 of the Complaint, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

37. In answering paragraph 37 of the Complaint, Defendants admit that P.D. was booked into custody, questioned by Detective Barrera and then transported to juvenile hall. Except as specifically admitted herein, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

/ / /

/ / /

*Juvenile Court Proceedings*

38. In answering paragraph 38 of the Complaint, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

39. In answering paragraph 39 of the Complaint, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

40. In answering paragraph 40 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each, all and every allegation in said paragraph.

41. In answering paragraph 41 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

/ / /

*The City's Juvenile DNA Policy*

42. In answering paragraph 42 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that San Diego Police Department Procedure 3.08 allows for a DNA swab to be taken from a juvenile in certain circumstances. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

43. In answering paragraph 43 of the Complaint, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

44. In answering paragraph 44 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit the San Diego Police Department maintains its own DNA databank and the San Diego Police Department Procedure 3.08 permits San Diego Police Department officers to obtain DNA samples from minors in accordance with Procedure 3.08. Defendants further admit that Procedure 3.08 states "Officers shall fill out the 'Consent to Collect Saliva Sample' form and obtain the signature of the juvenile." Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees,

officials, officers, offices, agencies, departments or divisions of the City of San Diego.

45. In answering paragraph 45 of the Complaint, Defendants admit that San Diego Police Department Procedure 3.08 specifies that "[a]n officer who takes a mouth swab sample from a juvenile will notify the parent or legal guardian that a sample was taken" and that DNA samples may be taken in the field or at the police station. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

46. In answering paragraph 46 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that San Diego Police Department Procedure 3.08 specifies that "[t]o obtain a mouth swab from a juvenile under the age of 14 years, it must be established that the juvenile knew what he/she did was wrong at the time of the commission of the crime." Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

47. In answering paragraph 47 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful,

unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

48. In answering paragraph 48 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

*The Nature of DNA and DNA Profiles*

49. In answering paragraph 49 of the Complaint, Defendants admit that "DNA" is an abbreviation for deoxyribonucleic acid and is a molecule that contains biological information. Except as expressly admitted herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each, all and every allegation in said paragraph.

50. In answering paragraph 50 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

51. In answering paragraph 51 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent

a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

52. In answering paragraph 52 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that DNA is a molecule that contains biological information. Except as expressly admitted herein, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

53. In answering paragraph 53 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

54. In answering paragraph 54 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

55. In answering paragraph 55 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

*P.D.'s DNA Sample*

56. In answering paragraph 56 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that a DNA sample was obtained from P.D pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph. Defendants specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

57. In answering paragraph 57 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all

and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph. Defendants specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

58. In answering paragraph 58 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph. Defendants specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

59. In answering paragraph 59 of the Complaint, Defendants admit that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph. Defendants specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any

agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

60. In answering paragraph 60 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

61. In answering paragraph 61 of the Complaint, Defendants admit that Plaintiffs submitted a claim for damages to the City on or about September 28, 2016. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

62. In answering paragraph 62 of the Complaint, Defendants admit that the City denied Plaintiff's claim for damages on December 1, 2016. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

/ / /

/ / /

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

[Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure for Stop-and-Frisk against Defendants Brou, Stewart, Barrera, and Does 1-10]

63. In answering paragraph 63 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 62.

64. In answering paragraph 64 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that on the date of the subject incident, Officer Stewart conducted a pat down search of P.D. and Officer Brou conducted a pat down search of the duffel bag P.D. was carrying. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

65. In answering paragraph 65 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

66. In answering paragraph 66 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent

a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

67. In answering paragraph 67 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## SECOND CAUSE OF ACTION

[Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure of DNA against Defendants Brou, Stewart, Rivera and Does 1-10]

68. In answering paragraph 68 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 67.

69. In answering paragraph 69 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of

Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

70. In answering paragraph 70 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

71. In answering paragraph 71 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

72. In answering paragraph 72 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation

contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

**THIRD CAUSE OF ACTION**

[Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure of DNA against Defendant City]

73. In answering paragraph 73 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 72.

74. In answering paragraph 74 of the Complaint, Defendant City affirmatively alleges that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. Defendant City alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering Defendant. To the extent a response is required, Defendant City admits that the Defendant Officers were acting in accordance with San Diego Police Department Procedure 3.08 at the time of the subject incident. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

75. In answering paragraph 75 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any

agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

76. In answering paragraph 76 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

77. In answering paragraph 77 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

**FOURTH CAUSE OF ACTION**

[Violation of 42 U.S.C. § 1983 – Violation of Rights to Familiar Association and Due Process against Defendants City, Brou, Stewart, Rivera and Does 1-10]

78. In answering paragraph 78 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 77.

79. In answering paragraph 79 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent

a response is required, Defendants deny, generally and specifically, each and every allegation and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

80. In answering paragraph 80 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

81. In answering paragraph 81 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## FIFTH CAUSE OF ACTION

[Violation of 42 U.S.C. § 1983 – Violation of Equal Protection against Defendants Brou, Stewart, and Barrera]

82. In answering paragraph 82 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 81.

83. In answering paragraph 83 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of

law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

84. In answering paragraph 84 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## SIXTH CAUSE OF ACTION

[Violation of Cal. Const. Art. I § 13 – Unreasonable Search and Seizure for Stop-and-Frisk against Defendants Brou, Stewart, Barrera, and Does 1-10]

85. In answering paragraph 85 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 84.

86. In answering paragraph 86 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any

agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

87. In answering paragraph 87 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## SEVENTH CAUSE OF ACTION

[Violation of Cal. Const. Art. I, § 13 – Unreasonable Search and Seizure of DNA against Defendants City, Brou, Stewart, Rivera, and Does 1-10]

88. In answering paragraph 88 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 87.

89. In answering paragraph 89 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

90. In answering paragraph 90 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation and specifically deny any unlawful, unconstitutional, or otherwise

wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

**EIGHTH CAUSE OF ACTION**

[Violation of Cal. Const. Art. I, § 1 – Right of Privacy against Defendants City, Brou, Stewart, Rivera, and Does 1-10]

91. In answering paragraph 91 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 90.

92. In answering paragraph 92 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

93. In answering paragraph 93 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

94. In answering paragraph 94 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful,

unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

95. In answering paragraph 95 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

96. In answering paragraph 96 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

97. In answering paragraph 97 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any

agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

**NINTH CAUSE OF ACTION**

[Cal. Civil Code § 52.1 Civil Rights Violations – Bane Act against Defendants Brou, Stewart, Barrera, and Does 1-10]

98. In answering paragraph 98 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 97.

99. In answering paragraph 99 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

100. In answering paragraph 100 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

101. In answering paragraph 101 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to

form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## TENTH CAUSE OF ACTION

[Cal. Civil Code §§ 51.7, 52 – Ralph Act against Defendants Brou, Stewart, and Barrera]

102. In answering paragraph 102 of the Complaint, Defendants incorporate herein its responses to the allegations contained in Paragraphs 1 through 101.

103. In answering paragraph 103 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

104. In answering paragraph 104 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

/ / /

/ / /

**ELEVENTH CAUSE OF ACTION**

[False Arrest/False Imprisonment against Defendants Brou, Stewart, Barrera, and Does 1-10]

105. In answering paragraph 105 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 103.

106. In answering paragraph 106 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

107. In answering paragraph 107 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

108. In answering paragraph 108 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful,

unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

**TWELFTH CAUSE OF ACTION**

[Conversion/Claim and Delivery against Defendants City, Brou, Stewart, Rivera, and Does 1-10]

109. In answering paragraph 109 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 108.

110. In answering paragraph 110 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

111. In answering paragraph 111 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees,

officials, officers, offices, agencies, departments or divisions of the City of San Diego.

112. In answering paragraph 112 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that the Defendant Officers were employed by the San Diego Police Department and were acting within the course of their employment at the time of the incident. Defendants further admit that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

113. In answering paragraph 113 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

114. In answering paragraph 114 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## THIRTEENTH CAUSE OF ACTION

[Trespass to Chattels against Defendants City, Brou, Stewart, Rivera and Does 1-10]

115. In answering paragraph 115 of the Complaint, Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 114.

116. In answering paragraph 116 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

117. In answering paragraph 117 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required.

To the extent a response is required, Defendants admit only that a DNA sample was obtained from P.D. pursuant to San Diego Police Department Procedure 3.08. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

118. In answering paragraph 118 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

119. In answering paragraph 119 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

120. In answering paragraph 120 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit only that the officers were and are employed by the San Diego Police Department and were acting within the course of employment at the time of the incident. Except as specifically admitted herein, Defendants deny, generally and specifically, each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

121. In answering paragraph 121 of the Complaint, the allegations of this paragraph contain legal argument that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny, generally and specifically, each, all and every allegation contained in said paragraph.

122. In answering paragraph 122 of the Complaint, Defendants affirmatively allege that said paragraph contains legal conclusions, legal argument, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants deny, generally and specifically, each and every allegation, or are without sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon, deny each, all and every allegation contained in said paragraph and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

## VI. PRAYER FOR RELIEF

In answering Paragraphs 1 to 9 in Plaintiffs' prayer for relief, Defendants affirmatively allege that no response is required. To the extent that said prayer is deemed to allege facts to which a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said prayer, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the Second Amended Complaint on file herein, and to each cause of action, these answering Defendants allege as follows:

### I

Plaintiffs' Second Amended Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### II

Defendants, City of San Diego, its agents and employees, and the Defendant police officers acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

### III

Defendant, City of San Diego, is immune from liability in that a public entity is not liable for an injury arising out of acts or omissions or of a public employee, in the absence of a statute declaring such liability.

### IV

Defendant, City of San Diego, is not liable for an injury arising out of an act or omission of its employees, where the subject employee is immune from liability.

### V

Defendants, City of San Diego, and its agents and employees are not liable for punitive damages.

/ / /

**VI**

Defendants, City of San Diego, its agents and employees, and the Defendant police officers are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**VII**

Defendants, City of San Diego, its agents and employees, and the Defendant police officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

**VIII**

Defendants, City of San Diego, its agents and employees, and the Defendant police officers are not liable for an act or omission resulting from or undertaken for the execution or enforcement of law, including under the California Penal Code and California Government Code, where due care is exercised.

**IX**

Defendants, City of San Diego, its agents and employees, and the Defendant police officers are not liable for the alleged violation of the Plaintiffs' civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

**X**

Defendants, City of San Diego, its agents and employees acted in good faith and with a reasonable belief that their conduct was lawful and did not violate clearly established law.

**XI**

Plaintiffs themselves were negligent in and about the matters alleged in the Second Amended Complaint and said carelessness on their own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

/ / /

XII

Defendants, City of San Diego, its agents and employees, and the Defendant police officers were at all times alleged in the Second Amended Complaint performing duties, in good faith, impartially, fairly and as required by law under conditions required by law.

XIII

Any and all acts of the Defendants, City of San Diego, its agents and employees, and the Defendant police officers at or near the time alleged in the Second Amended Complaint were reasonable and said defendants had reasonable cause to act in the manner they did.

XIV

At the time of the initial contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe the Plaintiff was engaging in, or had just engaged in, a prohibited activity. During the contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe that said Plaintiff had committed a crime.

XV

The Court is without jurisdiction over the certain claims in the Second Amended Complaint which therefore fail as a matter of law, as against these answering Defendants.

XVI

Plaintiffs do not have standing to seek relief for each and every cause of action, as set forth in the Second Amended Complaint.

XVII

The injuries and damages, if any, were the result of the exercise of the discretion vested in the public entity/defendants and each of them, and/or the officers, agents and/or employees of the public entity, and there is no liability therefore, pursuant to the California Code, including the California Government Code, sections

815.2(b) and 820.2.

XVIII

These answering Defendants and/or public employees are not liable for their acts or omissions, while exercising due care, in the execution or enforcement of any law, including pursuant to a California or federal code or law, including pursuant to the California Government Code, including sections 820.4 and/or 815.2.

XIX

These answering Defendants and/or public employees are not liable for any injury caused by the act or omission of another person, pursuant to the California Government Code, including section 820.8.

XX

These answering Defendants and/or public employees are not liable for Plaintiffs' own acts and conduct which caused the underlying events at issue in the complaint to occur and, but for the acts of the Plaintiffs, the events alleged in the complaint would not have occurred, and/or Plaintiffs would not have been involved or engaged or otherwise subject to the matters alleged in Plaintiffs' Second Amended Complaint, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the matters alleged, including any and all injuries, inconvenience and damages alleged in the Second Amended Complaint.

XXI

The Second Amended Complaint and/or certain counts, claims and/or causes of action therein is/are barred by operation of law, including the applicable statute of limitations for the claims, causes of action or counts, and/or applicable claims presentation requirements for each, any and/or the causes, counts or claims under California law including, but not limited to the following: that Plaintiffs failed to timely file their causes, counts or claims and/or complaint as against certain Defendants and/or that Plaintiffs failed to comply with the claims presentation requirements, and/or late claims presentation requirements as set forth in the

Government Code.

**XXII**

As to the acts alleged undertaken by Defendants, and each of them, each and all of the Defendants are shielded from liability pursuant to the doctrine of qualified immunity. At all times, the conduct of the Defendants was reasonable, lawful, based on probable cause and within the scope of their official duties and employment.

**XXIIII**

There have not been any violations of rights secured by the United States Constitution or laws of the United States, or of the rights secured by the California Constitution or laws of the State of California.

**XIV**

There was no actionable intimidation, threat, coercion or violence as required by California Civil Code section 52.1.

**XXV**

Defendants are not liable for violation of Plaintiffs' civil rights in that all of the statutes, ordinances, regulations, customs and practices of the City of San Diego were and are constitutional and reasonable.

**XXVI**

Defendants are not liable for Plaintiffs' injuries as a result of any acts or omissions of Defendants, or their agents, employees or any other person except as provided by statute and/or any statutory liability is subject to all immunities provided by statute and all defenses that would be available to a private person pursuant to Government Code sections 815(a) and 815(b).

**XXVII**

Any and all acts of Defendants at or near the times alleged in Plaintiffs' Second Amended Complaint were reasonable, and City of San Diego's agents or employees had reasonable and probable cause to act in the manner they did in that their conduct did not rise to the level of deliberate indifference or reckless disregard of Plaintiffs'

constitutional rights.

**XXVIII**

Defendants cannot be held vicariously liable or liable on a theory of *respondeat superior* for the alleged actions of others.

**XXIX**

On or before the date of the subject incident, Plaintiffs knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risk in and about the matters alleged in the Second Amended Complaint.

**XXX**

Plaintiffs failed to mitigate and avoid all damages alleged in the Second Amended Complaint.

**XXXI**

Plaintiffs have acted wrongfully in the matters complained of and is thus barred totally or partially by the doctrine of unclean hands from receiving the relief requested.

**XXXII**

If Plaintiffs are entitled to recover for any damages suffered at the time and place alleged, then the total amount of damages to which Plaintiffs would otherwise be entitled should be reduced in proportion to the amount of fault attributable to Plaintiffs, or to a third person or persons, which fault directly and proximately contributed to Plaintiffs' alleged damages.

**XXXIII**

Plaintiffs were negligent in and about the matters alleged in the Second Amended Complaint and said carelessness on their part proximately contributed to the happening of the alleged incident, injuries, and damages complained of, if any such exist.

**XXXIV**

The facts alleged in the Second Amended Complaint, and each cause of

action therein, do not constitute a cause of action against these answering Defendants, in that Plaintiffs failed to comply with the claims presentation requirements set forth in Government Code section 901, *et seq*.

**XXXV**

Defendants are immune from liability in that Plaintiffs' injuries, if any, were proximately caused by an act or omission of a third person or persons.

**XXXVI**

Plaintiffs' causes of action and each of them are barred by the statute of limitations, pursuant to Government Code section 945.6, California Code of Civil Procedure section 335.1, *et seq*. and any other applicable statute of limitations.

**XXXVII**

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

**XXXVIII**

At all times, Defendants acted reasonably and did not know that their conduct violated clearly established statutory of constitutional rights of which a reasonable person would have known; their conduct was reasonable, lawful, based on probable cause and within the scope of their official duties and employment; and they are therefore entitled to qualified immunity.

**XXXIX**

Defendants claim that it is not responsible for Plaintiffs' harm, if any, because Defendants' conduct was permissible.

**XL**

These answering Defendants reserve the right to allege and do affirmatively allege and state the avoidance and affirmative defenses set forth in Rule 8 as if fully set forth herein, and particularly including assumption of risk, contributory negligence, negligence, estoppel, latches, collateral estoppel and/or res judicata,

statute of limitations and waiver.

**XLI**

As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action, these answering Defendants are informed, believe, and thereon allege that certain separate and additional defenses to the entire Complaint or to individual causes of action therein, may be available to these answering Defendants, however, these separate and additional defenses require discovery before they can be properly alleged. Therefore, these answering Defendants will move to amend its answer, if necessary, to allege such separate and additional defenses after they have been ascertained or according to proof at trial.

**JURY TRIAL DEMAND**

Defendants demand a trial by jury in this action pursuant to Federal Rules of Civil Procedure, Rule 38.

WHEREFORE, Defendants pray judgment as follows:

1. Plaintiffs take nothing by their Second Amended Complaint;
2. That Judgment be entered in favor of Defendants;
3. Defendants receive their costs of suit incurred herein; and
4. Such other relief as the Court deems proper.

Dated: May 19, 2017

MARA W. ELLIOTT, City Attorney

By */s/ Kathy J. Steinman*
Kathy J. Steinman
Deputy City Attorney

Attorneys for Defendants CITY OF SAN DIEGO, AZIZ BROU, KELLY STEWART, CARMELIN RIVERA, and JAMES BARRERA

KSteinman@sandiego.gov